**SAINILA P. FANENE, Plaintiff,**

v.

**AISA IAKOPO VAONA, Defendant.**

High Court of American Samoa
Land and Titles Division

LT No. 10-02

October 10, 2003

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Faiivae A. Galea'i, L.P.
For Defendant, Asaua Fuimaono

OPINION AND ORDER

The Court intentionally delayed issuing a formal decision in this action in light of continuing representations of counsel for Plaintiff Sainila P. Fanene ("Fanene") at the close of and following trial that settlement

discussions were ongoing and would likely bear fruit. As of this time, however, it is apparent that settlement has not been and will not be reached.

## Discussion

Fanene filed this action to evict Defendant Aisa Iakopo Vaona ("Vaona") from Fanene's house on land called "Lelulu" in Nu'uuli, American Samoa. The eviction remedy was premised on Vaona's alleged failure to pay the balance of the agreed purchase price for sale of the house to Vaona. Fanene also sought recovery of the rental value, alleged to be $350.00 per month based on the rent paid by a tenant prior to the sale at issue, for the period of Vaona's occupancy of the house.

Vaona denied Fanene's allegations and counterclaimed for refund of the purchase price, reimbursement of her expenditures for repairs and remodeling, damages for emotional distress, and punitive damages.

## Findings of Fact

We find the following as the ultimate facts of this dispute. In May of 1997, Vaona was residing in the U.S. mainland. She wanted to purchase a house and underlying land in American Samoa in contemplation of permanently returning here in the near future. She learned of Fanene's advertisement in the May 22, 1997 Samoa News of the house for sale. Vaona talked to Fanene by telephone and agreed with his asking price of $15,000, with an immediate down payment of $5,000 to hold the property, subject to her inspection of its condition. On May 27, 1997, after a relative confirmed the acceptable condition of the house, Vaona paid Fanene $5,000 by cashier's check sent by certified mail.

Vaona returned to American Samoa and, on or about September 1, 1997, she paid Fanene the $10,000 balance with another cashier's check. She believed that she had then paid for the house and underlying land in full and asked for the documents needed to transfer ownership to her. She thought that there may be a problem when Fanene told her that title registration had not been completed. Nonetheless, Vaona moved into the house and, based on the receipts in evidence, she spent $707.68 on repairing and remodeling the house.

Vaona continued to ask Fanene for the necessary title transfer documents, but he kept putting off delivery of these documents. Fanene then demanded that Vaona pay an additional $10,000, claiming that they had agreed to a sales price of $25,000. Vaona refused to pay the additional amount. Fanene accompanied some of his repeated demands for the additional $10,000 with such inappropriate statements as threatening to demolish the house by burning or other means. Other

members of Fanene's family made similar destruction threats if the additional $10,000 was not paid. Vaona feared that the threats would be carried out, but she continued to live in the house.

Finally, about three years after Vaona took possession of the house, Fanene advised Vaona that she was only buying the house, as the underlying land was not for sale. This was the last straw for her. Exasperated, Vaona demanded that Fanene return the $15,000 she paid to him. Fanene refused and, when Vaona remained in possession, he commenced this eviction action.

■ The land is the Fanene family's communal land. Fanene could neither sell the land and house, nor only the house, there being no agreement to separate the existence of house from the land. He produced a general power of attorney, signed by the Fanene family's *sa`o* on August 15, 1997, which purported to give him authority to do all things necessary to carry out the Fanene family's communal affairs, specifically including the *sa`o's* obligations. Even if this power of attorney is construed to potentially give Fanene authority to enter transactions concerning the Fanene family's communal land or houses on the land, there is no evidence that Fanene ever took any of the necessary legal steps either to separate the house from the land or to alienate the land by going through the required legal process of first obtaining the Land Commission's review and recommendation and the Governor's approval.

## Conclusions

■ Fanene misrepresented that the house and surrounding land were for sale and that he had the legal ability to sell them. In short, he clearly defrauded Vaona of the $15,000 she paid him for the house and, she thought, the underlying land. Because of Fanene's fraudulent conduct, Vaona is entitled to have Fanene refund the $15,000 she paid to him. Fanene's intentional tort justifies an award of punitive damages. We assess punitive damages at $5,000.

Vaona is also entitled to reimbursement of her documented expenditures of $707.68 for repairing and remodeling the house.

■ However, based on Vaona's continuing occupancy of the house, even at the time of the trial, we conclude that the threats made by Fanene and other Fanene family member to Vaona did not cause her any substantial emotional distress. We deny her recovery of any damages on this claim. However, further harassment of this or. a similar nature remains probable, and Vaona's award of damages, set forth above, will inadequately remedy this potential. Therefore, Fanene and his family members should be permanently enjoined from engaging in such

conduct.

Our findings and conclusions preclude any recovery of rent by Fanene during Vaona's occupancy of the house. However, if Vaona is still in possession, she may remain in the house for the time being but must vacate the house as soon as Fanene pays the judgment in full. Alternatively, if Fanene produces and Vaona accepts a valid deed conveying the house and underlying land to her, she may indefinitely remain in possession as the owner of the house and land.

## Order

1. Fanene recovers nothing against Vaona on his complaint.

2. Vaona shall recover from Fanene $15,000 to refund the funds fraudulently extracted from her, plus $5,000 as punitive damages, and $707.68 as reimbursement of her documented expenditures on repairing and remodeling, for a total of $20,707.68. Payment shall be made in full to the Clerk of the Court within 120 days after entry of this judgment.

If full payment is not made within 120 days, Fanene shall pay, in addition, post-judgment interest at the rate of 6% per annum on the unpaid balance of judgment, accruing from the judgment entry the judgment is paid in full.

3. If Vaona still occupies the house, she shall vacate the house as soon as Fanene pays the judgment in full. Alternatively, if Fanene produces and Vaona accepts a valid deed conveying the house and underlying land to her, she may indefinitely remain in possession as the owner of the house and land.

4. Fanene, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including Fanene's family members, are permanently enjoined from harassing, annoying, molesting, threatening in any manner, or otherwise disturbing the peace of Vaona.

It is so ordered.